THOMAS MOTT, defendant below, *vs.* WILLIAM McNIEL, plaintiff below.—*IN ERROR.*

A sale of personal property, without a visible, substantial change of possession, though it may be valid as between the parties, is void as to creditors, and is what is technically termed *a fraud in law.*

A judgment of the County Court reversed, for error in the judge, in not instructing the jury *what would constitute a fraud in fact;* and in not instructing them that the particular facts proved in the case did not, *in law,* amount to evidence of a delivery and change of possession.

THE case below was trespass, for taking a cow and a heifer, which was brought by appeal from the judgment of a justice to the county court.

[In the county court, there was first a plea in abatement, which was overruled, on the ground that it did not appear from the record, that such plea had been interposed before the magistrate. This, though assigned as one cause of error, and relied upon in the argument by the counsel, is omitted, in as much as the court gave no opinion upon it.]

Upon a *respondeas ouster* being awarded, the defendant below pleaded the general issue; and gave notice, under the statute, that he should justify the taking of the cattle, as the property of one *Nicholas C. Waggoner,* by virtue of legal process against Waggoner, to him directed as constable of Alburgh.

The plaintiff below claimed the property under a sale from *Waggoner.*

On the trial of the issue, the plaintiff gave evidence tending to prove, that he bought said cow, from Nicholas C. Waggoner, by whom she was raised, and upon whose farm she remained, both before and after the sale, until taken by the defendant. It also appeared by the plaintiff's showing, that the heifer mentioned in the plaintiff's declaration, came of a cow, which the plaintiff gave evidence tending to show, that he bought of the said Waggoner, which cow had always remained on the farm of the said Waggoner, when she produced the said heifer, which heifer remained on the farm of the said Waggoner, until taken by the defendant. The plaintiff also introduced testimony tending to show, that the plaintiff lived with said Waggoner, three years or upwards, and that when Waggoner was from home the plaintiff occasionally tended the cattle on said farm, part of which cattle, it was contended, belonged to the plaintiff. It also appeared that the cattle in dispute had, in the summers, been pastured, and in the winters, fed with the rest of Waggoner's cattle.

The defendant gave in evidence, that he took said cattle by virtue of an execution, in favour of *James Platt*, against the said Waggoner, directed to him, as constable of Alburgh.

The counsel for the defendant requested the Court to charge the jury, that if the property was sold to *McNiel*, and remained in the same situation, upon the farm of *Waggoner*, as it was before the sale, it was liable to attachment by the creditors of Waggoner, and that the officer would be justified, although he personally knew of the sale. That if the jury found, that *McNiel* lived with *Waggoner*, and claimed the cattle under an actual sale, that would not constitute a legal possession, in him, if the cattle remained with Waggoner's cattle, in the same situation as before the sale. And, that McNiel's living with the said Waggoner, and occasionally feeding the cattle, did not constitute a legal possession in him.

The Court did charge the jury, that a sale of personal property, unaccompanied by a delivery, and a change of possession, was fraudulent and void; but declined charging the jury upon the other points as requested, but charged the jury generally, that if they found the sale fraudulent in fact, they must find for the defendant.

Upon exceptions to the above charge being filed and allowed, this writ of error was brought; and errors, among others, were assigned, calculated to test its correctness and sufficiency.

*Stevens*, for the plaintiff in error. Ever since the time of Lord Coke, it has been well established, that, to render a sale of chattels effectual against the creditors of the vendor, possession must accompany and follow the deed or sale.—3 *Coke*, 80 *Twyne's case*.—2 *T. R.* 587, *Edwards* vs. *Harben*, and *Bomford* vs. *Baron*, there cited.—1 *Cranch*, 309, *Hamilton* vs. *Russell*.

Where the sale is absolute and unconditional, a want of delivery and substantial change of possession, is not merely *evidence* of fraud, but is *fraud in itself.—T. Rep. et Cranch, ut Sup.*

*Grand-Isle,*
January,
1826.

Mott
*vs.*
McNiel.

In this case there never was any delivery or substantial change of possession; for the cattle, after the sale, always remained in the apparent possession of the vendor, intermixed with his other cattle.

Occasional acts of tending and feeding these cattle, by the plaintiff below, will not avail him in this case ; for they were intermingled with *Waggoner's* other cattle, and it was not as owner of these cattle in particular, that the *plaintiff* did those acts, but as agent of Waggoner. It was doing for Waggoner, at times, what Waggoner usually did for himself; and it rather proves a possession in Waggoner, than in the plaintiff.

The claim that the plaintiff made to these cattle, cannot alter the case, for an assertion of title does not alter the possession, and the creditors of Waggoner might well suppose the claim to be false, or fraudulent, when they saw the property all the time intermixed with Waggoner's other property, and apparently sustained at his expence, and improving for his advantage.— 1 *Camp. Rep.* 332.

Even if the plaintiff below was in possession of the property, it cannot avail him here, for his possession, at best, was but a joint possession with the vendor; whereas, to prevail against the vendor's creditors, it must be exclusive.—*Camp. Rep. ut supra.*

Had *Mott* known that *McNiel* had purchased the cattle of *Waggoner,* it would not alter the case; because, from appearances, he might well suppose the sale originally to have been fictitious, or subsequently rescinded. He attached as an officer of the law, for other persons, and might attach for a creditor who knew nothing of the pretended purchase. Knowledge of a fraudulent sale by a creditor, or purchaser, does not validate the sale as against him.

The county court should have charged the jury, that a fraud in law will invalidate a sale, as against creditors; or, in other words, they should not have left it to the jury to determine that the circumstances detailed in the case would, in the estimation of law, amount to a delivery and change of possession.

*Brown,* contra, insisted, that the charge of the Court contained all the law, necessary to be stated to the jury, and was agreeable to the principles of law, as contended for by the counsel for the plaintiff in error.

That, possession is a matter of fact, and the Court, after instructing the jury that, if possession was not changed, the sale was void, did right in leaving it to the jury to determine whether, in this case, possession did not accompany the sale:—and that this case is to be distinguished from that class of cases, where possession in the vendor is evidence of fraud.

Hutchinson, J. delivered the opinion of the Court.

On perusal of this writ of error, and the bill of exceptions therein recited, it appears that Mott, the plaintiff in error, was constable of the town of Alburgh, and, as such, took the property in question, by virtue of legal process to him direct-.

ed, as the property of one Waggoner, who had once owned it, and on whose farm it was found when taken by Mott. The dispute between the parties seems to have been, whether there had been such a sale of the property from Waggoner to McNiel, as vested the property in him, as against the creditors of Waggoner? Mott contended, that the sale was fraudulent and void: if not so in fact, yet, that it was so in law, for want of a sufficient change of possession. Upon this the Court were requested to charge the jury; and, upon their refusal to charge, as requested, the errors are assigned. The Court *did* charge the jury that, if they found the sale fraudulent in fact, they must find for the defendant. They also *did* charge, that a sale of personal property, unaccompanied by a delivery, and change of possession, was fraudulent and void. But no instruction was given to the jury, as to what constituted fraud in fact, nor whether what was proved, in the present case, amounted to a delivery and change of possession. Those were fairly comprised in the request on the part of Mott. The Court might well have explained to the jury, that, if they found that no consideration was paid by McNiel to Waggoner for the cattle, or that the sale was with intent, and for the express purpose of keeping the same from the creditors of Waggoner, it was fraudulent in fact. And, what is still more pertinent and necessary upon the evidence exhibited in this bill of exceptions, the Court might have told the jury, that the evidence furnished no proof of a change of possession; that the ownership exercised over the cattle by McNiel, in feeding them occasionally with Waggoner's cattle, was as none at all. It furnished as much evidence that McNiel was owner of all of Waggoner's cattle, as of these, in particular. A sale of personal property, without change of possession, though it may be valid, as between the parties, is void as to creditors. It is usually termed a fraud in law. This expression may seem, to people not versed in the law, to contain some mystery. If we would convey the same idea, in language understood by every person, we may say the sale is not complete, as to creditors, till there is a change of possession. And this must be a visible, substantial change: so that the possession will no longer give a credit to the former owner.

Possession is strong *prima facie* evidence of the ownership of personal property. This does not at all interfere with the safety of lending to a poor man, for use, property of which he never was the owner. But, if a man actually owns and possesses personal property, the world have a right to presume he remains the owner, so long as he retains the possession. People may well give him credit on account of this property, and, when they attach it for his debts, they can hold it. This has been decided by the present Court, and on the present circuit: and it is no matter how soon people fully understand that, if they purchase personal property, they must take and keep the actual possession, or their title is liable to be defeated by the creditors of the former owner.

*Grand-Isle,*
*January,*
*1826.*

*Mott*
*vs.*
*McNiel.*

As it appears by the record, in the present case, that the county court declined charging the jury, as requested, and as would comport with the law that should govern the case,

This Court decide, that there is error in the judgment of the county court; that the same be reversed; and that the cause pass to the county court for another trial by the jury.

*Orlando Stevens,* and *J. C. Thompson,* for the plaintiff in error.

*Stephen S. Brown,* for the defendant in error.